FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICKOLAS BINGLE; KEISHA COLL JOHNSON; JAMES DEARING; KASSONDRA JACKSON; DYLAN KNELL; RAGHDA KASSIM; KATHRYN MORGAN; JOY PUTNAM, on behalf of herself and all others similarly situated; IAN HALL, on behalf of himself and all others similarly situated;<br>    Plaintiffs,<br>    v.<br>PORTFOLIO RECOVERY ASSETS, LLC, a Delaware Limited Liability Company; and MACHOL & JOHANNES, LLC, a Washington Limited Liability Company,<br>    Defendants. | No. 2:19-cv-00149-SAB<br>No. 2:19-cv-00148-SAB<br>No. 2:19-cv-00150-SAB<br>No. 2:19-cv-00146-SAB<br>No. 2:19-cv-00144-SAB<br>No. 2:19-cv-00145-SAB<br>No. 2:19-cv-00143-SAB<br>No. 2:19-cv-00189-SAB<br>No. 2:19-cv-00239-SAB<br><br>**ORDER CONSOLIDATING FOR DISCOVERY AND PRETRIAL PURPOSES** |

Before the Court are Motions to Consolidate for Discovery, Case Nos. 19-cv-143, 144, 145, 146, 148, 149, 150, ECF Nos. 10; Case No. 19-cv-0239, ECF No. 8. The motions were heard without oral argument. The parties ask the Court to consolidate these nine cases as the substantially similar complaints all pursue

identical theories of liability under the Fair Debt Collection Practices Act and contain substantially similar allegations. Counsel for Plaintiffs does not contest consolidation of the individual cases, but contests that cases Nos. 2:19-cv-00189 and 2:19-cv-00239 are not appropriate for consolidation, as the other cases proposed for consolidation contain potentially valid arbitration clauses.

This Court has the discretion to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.' " *Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010) (quoting *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 806–807 (N.D. Cal. 1989) ).

The Court finds it appropriate to consolidate for the limited purposes of discovery and pretrial motions under Fed. R. Civ. P. 42(a). Plaintiffs share the same counsel, and the cases involve substantially similar underlying facts and legal theories. Consolidation thus furthers judicial convenience and efficiency. That some but not all of the cases may have an arbitration clause as an affirmative defense does not introduce confusion or prejudice. Any forthcoming motion to compel arbitration pursuant to such a clause will only apply to the relevant Parties. The potential for consolidation for trial will be reserved until a later date.

//
//
//
//
//
//
//
//
//

**ORDER CONSOLIDATING FOR DISCOVERY AND PRETRIAL PURPOSES** - 2

Accordingly, **IT IS HEREBY ORDERED**:

1. The Motions to Consolidate for Discovery: ECF Nos. 10 in cases Nos: 2:19-cv-00143-SAB; 00144-SAB; 00145-SAB; 00146-SAB; 00148-SAB; 00149-SAB; and 00150-SAB; ECF No. 6 in case No. 2:19-cv-00189-SAB; and ECF No. 8 in case No. 2:19-cv-00239-SAB are **GRANTED.** These cases are consolidated for discovery and pretrial motions.

2. All pretrial pleadings and motions shall be filed under Case No. 2:19-cv-00143 SAB, unless the Court directs otherwise.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 11th day of October 2019.



_____
Stanley A. Bastian
United States District Judge

**ORDER CONSOLIDATING FOR DISCOVERY AND PRETRIAL PURPOSES** ~ 3